(Court of Criminal Appeals of Texas. March 15, 1916.)

CRIMINAL LAW ⬅⇒1184—APPEAL—REFORMING SENTENCE.

The sentence, not conforming to the indeterminate sentence law, but being for a definite term, will be reformed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3199, 3200; Dec. Dig. ⬅⇒1184.]

Appeal from District Court, Fayette County; Frank S. Roberts, Judge.

Louie Chandler was convicted, and appeals. Reformed and affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of an assault with intent to murder, and his punishment assessed at 4 years in the penitentiary.

He contends that the evidence is insufficient to sustain the conviction. We have carefully read and studied all the testimony. In our opinion, it was sufficient. We see no good purpose which could be served by reciting the testimony.

The court, as the law requires, submitted his charge to appellant's attorney before it was read, and gave him the opportunity to object thereto. At the time he made certain objections thereto and requested some special charges. The court gave the only two of his special charges which should have been given, and correctly refused the others. Evidently the court must have made some changes in his charge after seeing and considering appellant's objections, and with the specially requested charges given must have met appellant's objections, for he did not present any bill to the court's charge, nor afterwards insist upon his objections.

The evidence, in addition to raising the question of assault with intent to murder, also raised that of aggravated assault and of self-defense. Upon the whole, the court submitted all of these questions in apt and proper charges. The trial judge correctly held that the evidence did not raise any issue of appellant acting in defense of either or both of his brothers, and properly refused to give appellant's charge on that subject.

Under the evidence, the court correctly refused to give either of his requested peremptory charges, instructing the jury to acquit him of an assault with intent to murder. Upon the whole, the case was correctly tried. The evidence was amply sufficient to sustain the verdict, and the charge of the court, together with those of the appellant given, correctly submitted every issue raised by the evidence properly to the jury.

The sentence does not conform to our indeterminate sentence law. It requires confinement of the appellant for four years straight. The judgment will here be reformed, so as to conform to the law.

The judgment will be reformed and affirmed.

---

AUSTIN v. STATE. (No. 3984.)

(Court of Criminal Appeals of Texas. March 15, 1916.)

CRIMINAL LAW ⬅⇒1124(3)—APPEAL—RECORD—QUESTIONS PRESENTED.

Where no statement of the evidence heard on the trial accompanies the record, and the record contains no bill of exceptions to the admissibility of any testimony, there is no question presented in a motion for new trial which the Court of Criminal Appeals can review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2948; Dec. Dig. ⬅⇒1124(3).]

Appeal from District Court, Houston County; John S. Prince, Judge.

Hart Austin was convicted of robbery, and appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of robbery, and his punishment assessed at 10 years' confinement in the state penitentiary.

No statement of the evidence heard on the trial accompanies the record, and the record contains no bill of exceptions to the admissibility of any testimony. Under such circumstances there is no question presented in the motion for a new trial we can review.

The judgment is affirmed.